**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**BENJAMIN WARREN HUDSON, JR., a minor,** **PLAINTIFFS**
**By and through his parent and next friend,**
**DR. BENJAMIN HUDSON**

**CARTER HUDSON, a minor,**
**By and through his parent and next friend,**
**DR. BENJAMIN HUDSON**

**ELI JAX PITALO, a minor,**
**By and through his parent and next friend,**
**GEORGE "TRAE" PITALO, III**

**And**

**MORGAN SEYMOUR, a minor,**
**By and through his parent and next friend,**
**MICHAEL SEYMOUR**

**V.** **CIVIL ACTION NO:** 1:26cv348 LG-RPM

**JENNIFER M. SUSHKA a/k/a Jay Megan** **DEFENDANT**

**NOTICE OF REMOVAL**

COMES NOW, Jennifer M. Sushka, by and through her counsel of record, and files this Notice of Removal pursuant to 28 U.S.C. 1446. Ms. Sushka hereby removes to this Court, the state court action described herein, pursuant to 28 U.S.C. 1332, 1441, and 1446.

**INTRODUCTION**

On October 6, 2026, Plaintiffs filed a lawsuit in Jackson County Court against Jennifer M. Sushka. *See* Exhibit A - Complaint. The state court lawsuit is styled *Benjamin Warren Hudson, Jr. et al, v. Jennifer M. Shushka a/k/a "Jay Megan", Cause No. 30CO1:26-CV-22153-MW*. Plaintiffs allege that Jennifer Sushka is liable for various state law tort claims. Plaintiffs

seek an award of actual or compensatory damages which, they allege, will "fully and fairly compensate him for the damages and injuries suffered, past, present, and future." Plaintiffs also seek punitive damages pursuant to Miss. Code Ann. 11-1-65 and allege that all damages sought shall not exceed $200,000.00 in the aggregate, exclusive of costs and interest.

**LEGAL GROUNDS FOR REMOVAL**

Ms. Sushka removes this action from State Court to the United States District Court for the Southern District of Mississippi, because complete diversity exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. "Any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. 1441. Pursuant to 28 U.S.C. 1332, "the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states . . . ." *See* 28 U.S.C. 1332(a)(1).

***I. Complete Diversity Exists.***

The Parties are completely diverse because no plaintiff and defendant share a domicile. As alleged in the Complaint, Plaintiffs are all domiciled in Jackson County, Mississippi. *See Exhibit A.* Ms. Sushka, on the other hand, is a resident of the State of Illinois and is otherwise domiciled in the State of Illinois.

***II. Amount in Controversy***

Plaintiffs allege that they intend to seek no more than $200,000.00 in damages, exclusive of interest and costs. But the categories of damages pled therein demonstrate that even though

there is no specified amount of damages pled (only a jurisdictional limit for County Court in Mississippi), the amount in controversy for purposes of 28 U.S.C. 1332 is satisfied.

Plaintiffs seek actual or compensatory damages for alleged reputational harm, and mental and emotional distress. To this end, Plaintiffs seek to be fully and fairly compensated for damages and injuries suffered, past, present, and future. In addition to a request for compensatory damages, Plaintiffs seek an unspecified amount of punitive damages. The categories of damages sought and other allegations easily satisfy the amount in controversy requirement. "The amount in controversy is satisfied if the plaintiff has requested unspecified punitive damages, which is independently sufficient to satisfy this Court's jurisdictional limit." *See Swanson v. Hempstead*, 267 F. Supp. 3d 736, 740 (N.D. Miss. July 29, 2017); *citing St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998). Although the right to relief is expressly denied by Ms. Sushka, courts have recognized that "it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional distress damages in excess of $75,000.00." *See Holmes v. Citifinancial Mortg. Co. Inc.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006).

Because Plaintiffs seek compensatory damages and an unspecified amount of punitive damages, the amount of controversy is satisfied and original jurisdiction attaches.

***III. Removal Is Timely.***

This action was filed on October 6, 2026. A summons was issued by the Circuit Clerk on October 6, 2026, and according to Plaintiffs' Affidavit of Service filed on October 26, 2026, Ms. Sushka was served on October 23, 2026. Ms. Sushka therefore has 30 days from October 23, 2026, to remove this action to federal court. *See* 28 U.S.C. 1446(b)(1) ("the notice of removal of

a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . .").

The instant filing is well within the 30-day deadline.

***IV. Compliance with U. L. Civ. R. 5(b)(1)***

Pursuant to U. L. Civ. R. 5(b)(1), Ms. Sushka files as attachments to this Notice of Removal the entire state court record as follows:

Exhibit A - Complaint and Civil Cover Sheet

Exhibit B - Summons Issued to Jennifer M. Sushka

Exhibit C - Affidavit of Service for Complaint Served on Jennifer Sushka

## CONCLUSION

Ms. Sushka removes the above referenced state court action to federal court and has sufficient legal grounds to do so because (1) complete diversity exists between the Plaintiffs and Defendant, (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (3) the Notice of Removal was filed within 30-days following service of process on Ms. Sushka.

A copy of this Notice of Removal will be contemporaneously filed with the Clerk of the Jackson County Court and served on the Plaintiffs' counsel of record.

Respectfully submitted, this the 13th day of November, 2026.

**JENNIFER M. SUSHKA**

**BY: *<u>/s/ Ray A. Young, Jr.</u>***
Ray A. Young, Jr., Esq.

OF COUNSEL:

Ray A. Young, Jr. (MSB No. 105851)
Breanna F. G. Young (MSB No. 105536)
The Young Law Firm LLC
100 S. Beach Blvd., 2nd Floor
Bay St. Louis, Mississippi 39520
(t) 228-215-2020
(f) 228-215-2072
(e) ryoung@younglawfirmms.com
byoung@younglawfirmms.com

*Counsel to Jennifer M. Sushka*